**SO ORDERED: July 26, 2022.**



_____
Jeffrey J. Graham
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Aearo Technologies LLC, *et al.*,[1] | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Case No. 22-02890-JJG-11 |
| | ) | |
| | ) | |
| 3M OCCUPATIONAL SAFETY LLC, AEARO HOLDING LLC, AEARO INTERMEDIATE LLC, AEARO LLC, AND AEARO TECHNOLOGIES LLC, | ) ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. No. 22-50059 |
| | ) | |
| THOSE PARTIES LISTED ON APPENDIX A TO THE COMPLAINT and JOHN AND JANE DOES 1-1000, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' First Day Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief*, filed contemporaneously herewith. The location of the Debtors' service address for the purposes of these chapter 11 cases is: 7911 Zionsville Road, Indianapolis, Indiana 46268.

**ORDER ON DEBTORS' MOTION
APPROVING SERVICE PROCEDURES
FOR SUMMONS, COMPLAINT, AND OTHER PLEADINGS**

This matter came before the Court on the *Debtors' Ex Parte Motion for Approval of Service Procedures for Summons, Complaint, and Other Pleadings* (the "**Motion**"),[2] filed by the debtors and debtors in possession in the above-captioned chapter 11 cases that are plaintiffs in the above-captioned adversary proceeding; and the Court finds that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this matter is a core proceeding within the meaning of 28 U.S.C. § 157, (d) *ex parte* relief is appropriate, and (e) the relief requested in the Motion is in the best interest of the Debtors, their estates, and creditors, and any party in interest; and after due deliberation, and good and sufficient cause appearing therefore, the Court hereby finds and concludes as follows:

      A.    Notice of the Motion was sufficient under the circumstances, and no other or further notice is required.

      B.    Counsel identified in **Appendix A** to the Complaint (collectively, as may be supplemented, amended, or otherwise modified, the "**Combat Arms Firms**") for the known defendants in this adversary proceeding (collectively, the "**Combat Arms Claimants**") have appeared on behalf of the Combat Arms Claimants in matters substantially related to this adversary proceeding. Accordingly, it is appropriate to serve the complaint, the related summons, and other pleadings the Debtors have filed or may file in the above-captioned adversary proceeding (collectively, with the complaint and the summons, the "**Adversary Pleadings**") on the applicable Combat Arms Firms as authorized agents of the Combat Arms Claimants.

---

[2] Capitalized terms that are not otherwise defined in this Order have the meanings given to them in the Motion.

2

C.  Service of the Adversary Pleadings on the Combat Arms Firms as authorized agents of the Combat Arms Claimants, rather than on the individual Combat Arms Claimants directly, comports with the service requirements of the Federal Rules and the Bankruptcy Rules, will provide more efficient and reliable service on the Combat Arms Claimants, and will conserve estate resources to the benefit of all creditors.

Based on these findings and conclusions, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Debtors are hereby authorized to serve Adversary Pleadings on the Combat Arms Firms, as authorized agents of the Combat Arms Claimants, by e-mail or by overnight mail where no e-mail is available.

3. The Debtors are further authorized to: (a) list the names, addresses and other contact information, as applicable, of the Combat Arms Firms in any creditor or service lists provided to the Court or filed in this adversary proceeding, in lieu of listing the contact information of each Combat Arms Claimants; and (b) for any Combat Arms Firm representing more than one Combat Arms Claimant, serve each Adversary Pleading only a single time on such Combat Arms Firm (at each relevant email address or address) on behalf of all of such counsel's clients.

4. The Combat Arms Firms are authorized to receive service of process of the summons and the Complaint on behalf of the Combat Arms Claimants that each represents in accordance with Federal Rule 4(e)(2)(C) and Bankruptcy Rule 7004(b)(8).

5. Service of the Adversary Pleadings in accordance with the procedures stated herein constitutes good and sufficient service on each Combat Arms Claimant under the Federal Rules and the Bankruptcy Rules, and no other or further service on the Combat Arms Claimants is or shall be necessary.

4

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The Debtors shall serve a copy of this Order in accordance with the procedures stated herein.

# # #